IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James B. Skelton, ) | C/A No. 3:15-4169-MBS-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| United States Navy, ) | |
| Navy Sea Systems Command, ) | |
| and Navy Judge Advocate General, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

James B. Skelton ("Plaintiff"), proceeding pro se, brings this civil action against the United States Navy. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff, a resident of Gaston, South Carolina, alleges the following pertinent facts. He was "illegally discharged" from the United States Navy on February 25, 1977, because he had not signed his discharge papers. [Doc. 1.] He believes he technically still is on active duty because he did not sign his discharge papers. [*Id.*] He served eight years in the Naval Reserves. [*Id.*] He calculates that he served on active duty for 38 years and had a civilian career with the Navy for 26 years. [*Id.*] He seeks to be discharged from the Navy as Radioman First Class with 38 years back pay and military retirement plus a civilian retirement for 26 years. [*Id.*]

Plaintiff suffers from bi-polar mental disorder, and, thus, he has been a victim. [*Id.*] He challenges the "Naval Standard Operations Procedures as it relates to the health and

welfare of all active duty members of the United States Navy in accordance with the No Fear Act and 'the american with disability act.'" [*Id.*]

For his relief, Plaintiff requests retirement benefits "as stated from the United States Navy as stated in these court papers." [*Id.*] Attached to the Complaint, Plaintiff included a copy of a document apparently written by the United States Navy entitled "report of separation from active duty." [Doc. 1-1.] The document seems to state that Plaintiff, a radio operator, was honorably discharged from active duty on February 25, 1977. [*Id.*]

This Court takes judicial notice that Plaintiff filed a prior civil action in this Court against R. Admiral Donald P. Quinn, Navy Personnel Command.[1] *See* Order and Opinion, *Skelton v. Quinn*, C/A No. 3:10-1958-MBS-JDA (D.S.C. March 26, 2012), ECF No. 66; *see also* Order and Opinion, *Skelton v. Quinn*, C/A No. 3:10-1958-MBS-JDA (D.S.C. Aug. 28, 2012), ECF No. 91. In that case, this Court determined it had jurisdiction because Plaintiff actually asserted an equal protection claim under the Fifth Amendment. *See* Order and Opinion, ECF No. 66. Further, this Court denied Plaintiff's motion to direct the Physical Evaluation Board to grant him [military] disability benefits because Plaintiff had not actually applied for disability benefits. *Id.* And, this Court granted Defendant's motion to dismiss Plaintiff's equal protection claim because Plaintiff's right to equal protection had not been denied. *Id.*

---

[1] It is appropriate for this Court to take judicial notice of Plaintiff's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.

The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

This action should be dismissed because Plaintiff lacks standing to bring it. Plaintiff contends that he challenges the "Naval Standard Operations Procedures as it relates to the health and welfare of all active duty members of the United States Navy in accordance with the No Fear Act and 'the american with disability act.'" In other words, he seeks to challenge the Navy's standard procedures on behalf of all active duty members of the United States Navy. However, a non-attorney is not permitted to litigate pro se the legal rights of others. *See Myers v. Loudoun Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005); *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a pro se prisoner unassisted by counsel cannot be an advocate for others in a class action); and *Umstead v. Chase Manhattan Mortg. Corp.*, No. Civ.A. 7:04CV00747, 2005 WL 2233554 at *2 (W.D. Va. 2005) (finding that pleadings filed through lay representation on behalf of another using a power of attorney must be disregarded as a nullity and those claims were "void *ab initio*"). Because Plaintiff may not litigate pro se the rights of all active duty members of the United States Navy, this action should be dismissed for lack of standing.

Further, to the extent Plaintiff seeks military retirement benefits from Defendants only on behalf of himself, this Court lacks subject matter jurisdiction to hear this case. The Court of Federal Claims has exclusive jurisdiction over claims for military retirement benefits that potentially would exceed $10,000.00, pursuant to the Tucker Act. *See Huff v. United States Dep't of Army*, 508 F. Supp. 2d 459 (Sept. 13, 2007); *see also* Order and Opinion, *Skelton v. Quinn*, C/A No. 3:10-1958-MBS-JDA (D.S.C. March 26, 2012), ECF No. 66 at 6, n. 1. In this case, it is apparent that Plaintiff's claim for military retirement benefits

seeks damages in excess of $10,000.00. Thus, this District Court lacks subject matter jurisdiction over this case.[2]

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. See *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

October 27, 2015  S/Jacquelyn D. Austin
Greenville, South Carolina  United States Magistrate Judge

---

[2] If this Court somehow has subject matter jurisdiction over this case, this action is subject to summary dismissal based on res judicata due to *Skelton v. Quinn*, C/A No. 3:10-1958-MBS-JDA. See *Eriline Co. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (explaining that in special circumstances a court may raise the res judicata defense *sua sponte*).

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).